Gary E. Jubber, A1758
David R. Hague, A11660
Ashton J. Hyde, A13248
FABIAN & CLENDENIN
 A Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone: (801) 531-8900

*Attorneys for Gary E. Jubber, Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| In re: <br><br> DANA POINT, LLC, <br><br> Debtor. | Bankruptcy Case No. 08-27662 WTT <br> (Chapter 7) |
| GARY E. JUBBER, Chapter 7 Trustee, <br><br> Plaintiff, <br><br> v. <br><br> HOME EQUITY PLAN, INC., a Utah corporation, <br><br> Defendant. | **COMPLAINT** <br><br> Adversary Proceeding No. <br> _____ <br><br> Honorable William T. Thurman |

Gary E. Jubber, Chapter 7 trustee of the Dana Point, LLC bankruptcy estate, hereby

alleges and complains against Home Equity Plan, Inc. ("**Defendant**") as follows:

## PARTIES

1. Plaintiff Gary E. Jubber is the duly appointed, qualified, and acting Chapter 7 trustee of the bankruptcy estate of Dana Point, LLC (the "**Debtor**").

2. Defendant Home Equity Plan, Inc. is a Utah corporation with its primary place of business in Salt Lake County, State of Utah.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and all parties to this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (F), (H), and (O), 11 U.S.C. §§ 544, 547, 548 and 550, F.R. Bankr. P. 7001 and DU Civ. R. 83-7.1(a).

4. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O).

5. Venue is proper in this court pursuant to 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

6. On November 3, 2008 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing the above-entitled bankruptcy case (the "**Bankruptcy Case**").

7. The Bankruptcy Case was converted to one under Chapter 7 of the Bankruptcy Code on March 3, 2010.

8. Gary E. Jubber was duly appointed as the Chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") of the Debtor's bankruptcy estate on March 4, 2010.

9. Defendant was an affiliate of the Debtor within the meaning of 11 U.S.C. § 101(31). As such, Defendant was an insider of the Debtor.

10. The Debtor transferred to Defendant the following payments (the "**Transfers**"):

| Date | Reference Number | Amount |
|---|---|---|
| 12/19/2007 | 1067 | $ 10,000.00 |
| 4/16/2008 | 1121 | 2,897.89 |
| 4/21/2008 | 1122 | 1,000.00 |
| 5/19/2008 | 1128 | 2,000.00 |
| 6/20/2008 | 1138 | 5,000.00 |
| 7/18/2008 | 1142 | 3,000.00 |
| 10/5/2008 | 1167 | 3,000.00 |
| **Total** | | **$ 26,897.89** |

(*See* Checks from Debtor to Defendant, attached hereto as "**Exhibit A**.")

### FIRST CAUSE OF ACTION
(Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(B))

11. The Trustee realleges the allegations of paragraphs 1 through 9 of this Complaint and incorporates them herein by this reference.

12. The Debtor did not receive a reasonably equivalent value in exchange for the Transfers.

13. The Debtor was insolvent on the dates of the Transfers or became insolvent as a result of the Transfers.

14. Alternatively, the Debtor was engaged in business or was about to engage in business for which any property remaining with the Debtor was an unreasonably small capital.

15. Alternatively, the Debtor intended to incur, or believed that it would incur debts that would be beyond its ability to pay as such debts matured.

16. The Transfers are avoidable by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(B).

17. Under 11 U.S.C. § 550(a)(1), the Trustee may recover the value of the Transfers from Defendant.

3

## SECOND CAUSE OF ACTION
(Fraudulent Transfer – 11 U.S.C. §§ 544(b) and Utah Code Ann. § 25-6-5(1)(b))
(asserted in the alternative)

18. The Trustee realleges the allegations of paragraphs 1 through 9 of this Complaint and incorporates them herein by this reference.

19. The Debtor did not receive a reasonably equivalent value in exchange for the Transfers.

20. The Debtor was engaged or was about to engage in transactions for which his remaining assets were unreasonably small in relation to the business or transactions.

21. Alternatively, the Debtor intended to incur, or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

22. The Transfers are avoidable under applicable state law by a creditor holding an allowable unsecured claim.

23. At the time of the Transfers, the Debtor had creditors holding unsecured claims pursuant to 11 U.S.C. § 502. Such creditors include, but are not limited to:

    a. Aztec Engineering;

    b. Internal Revenue Service;

    c. Dillman Electric;

    d. Berg Engineering; and

    e. RPM Drywall.

24. By reason of the foregoing, the Transfers are avoidable by the Trustee pursuant to 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-5(1)(b).

25. Under 11 U.S.C. § 550(a)(1), the Trustee may recover the value of the Transfers from Defendant.

### THIRD CAUSE OF ACTION
(Fraudulent Transfer – 11 U.S.C. §§ 544(b) and Utah Code Ann. § 25-6-6(1))
(asserted in the alternative)

26. The Trustee realleges the allegations of paragraphs 1 through 9 of this Complaint and incorporates them herein by this reference.

27. The Debtor did not receive a reasonably equivalent value in exchange for the Transfers.

28. The Debtor was insolvent at the time of the Transfers or became insolvent as a result of the Transfer.

29. The Transfers are avoidable under applicable state law by a creditor holding an allowable unsecured claim.

30. At the time of the Transfer, the Debtor had creditors holding unsecured claims pursuant to 11 U.S.C. § 502. Such creditors include, but are not limited to:

    a. Aztec Engineering;

    b. Internal Revenue Service;

    c. Dillman Electric;

    d. Berg Engineering; and

    e. RPM Drywall.

31. By reason of the foregoing, the Transfers are avoidable by the Trustee pursuant to 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-6(1).

32. Under 11 U.S.C. § 550(a)(1), the Trustee may recover the value of the Transfers from Defendant.

## **FOURTH CAUSE OF ACTION**
(Fraudulent Transfer – 11 U.S.C. §§ 544(b) and Utah Code Ann. § 25-6-6(2))
(asserted in the alternative)

33. The Trustee realleges the allegations of paragraphs 1 through 9 of this Complaint and incorporates them herein by this reference.

34. Alternatively, upon information and belief, Defendant was a creditor of the Debtor with an outstanding obligation due on the dates of the Transfers.

35. The Transfers were made by the Debtor to the Defendant for or on account of an antecedent debt owed by the Debtor to Defendant before the Transfers were made.

36. As an affiliate of the Debtor, Defendant was an insider.

37. The Transfers were made while the Debtor was insolvent.

38. As an insider, Defendant had reason to know that the Debtor was insolvent.

39. The Transfers are avoidable under applicable state law by a creditor holding an allowable unsecured claim.

40. At the time of the Transfer, the Debtor had creditors holding unsecured claims pursuant to 11 U.S.C. § 502. Such creditors include, but are not limited to:

    a. Aztec Engineering;

    b. Internal Revenue Service;

    c. Dillman Electric;

    d. Berg Engineering; and

    e. RPM Drywall.

41. By reason of the foregoing, the Transfers are avoidable by the Trustee pursuant to 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-6(2).

42. Under 11 U.S.C. § 550(a)(1), the Trustee may recover the value of the Transfers from Defendant.

**FIFTH CAUSE OF ACTION**
(Preference – 11 U.S.C. § 547(b))
(asserted in the alternative)

43. The Trustee realleges the allegations of paragraphs 1 through 9 of this Complaint and incorporates them herein by this reference.

44. Alternatively, upon information and belief, Defendant was a creditor of the Debtor with an outstanding obligation due on the dates of the Transfers.

45. The Transfers constitutes transfers of the interest of the Debtor in property.

46. The Transfers were made by the Debtor to Defendant for or on account of an antecedent debt owed by the Debtor to Defendant before the Transfers were made.

47. As an affiliate of the Debtor, Defendant was an insider within the meaning of 11 U.S.C. § 101(31).

48. The Transfers were made within one year prior to the Petition Date.

49. The Transfers were made while the Debtor was insolvent.

50. If not avoided, the Transfers would enable Defendant to receive more than it would receive if: (a) the case were a case under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

51.    By reason of the foregoing, the Transfers are avoidable by the Trustee pursuant to 11 U.S.C. § 547(b).

52.    Under 11 U.S.C. § 550(a)(1), the Trustee may recover the value of the Transfers from Defendant.

**WHEREFORE**, the Trustee prays for the following relief:

A.    On the First Cause of Action, for entry of an order declaring that the Transfers are avoided as a fraudulent transfers pursuant to 11 U.S.C. §548(a)(1)(B) and that pursuant to 11 U.S.C. § 550(a)(1), the Trustee is entitled to recover from Defendant, for the benefit of the estate, the property transferred or the value of such property, plus interest, and is entitled to judgment against Defendant in said amount;

B.    Alternatively, on the Second Cause of Action, for entry of an order declaring that the Transfers are avoided as fraudulent transfers pursuant to 11 U.S.C. §544(b) and Utah Code Ann. § 25-6-5(1)(b) and that pursuant to 11 U.S.C. § 550(a)(1), the Trustee is entitled to recover from Defendant, for the benefit of the estate, the property transferred or the value of such property, plus interest, and is entitled to judgment against Defendant in said amount;

C.    Alternatively, on the Third Cause of Action, for entry of an order declaring that the Transfers are avoided as fraudulent transfers pursuant to 11 U.S.C. §544(b) and Utah Code Ann. § 25-6-6(1) and that pursuant to 11 U.S.C. § 550(a)(1), the Trustee is entitled to recover from Defendant, for the benefit of the estate, the property transferred or the value of such property, plus interest, and is entitled to judgment against Defendant in said amount;

D.    Alternatively, on the Fourth Cause of Action, for entry of an order declaring that the Transfers are avoided as fraudulent transfers pursuant to 11 U.S.C. §544(b) and Utah Code

Ann. § 25-6-6(2) and that pursuant to 11 U.S.C. § 550(a)(1), the Trustee is entitled to recover from Defendant, for the benefit of the estate, the property transferred or the value of such property, plus interest, and is entitled to judgment against Defendant in said amount;

  E. Alternatively, on the Fifth Cause of Action, for entry of an order declaring that the Transfers are avoided as preferences pursuant to 11 U.S.C. §547(b) and that pursuant to 11 U.S.C. § 550(a)(1), the Trustee is entitled to recover from Defendant, for the benefit of the estate, the property transferred or the value of such property, plus interest, and is entitled to judgment against Defendant in said amount; and

  F. For such other and further relief as the Court deems just and equitable.

  DATED this 1st day of March, 2011.

        /s/ Ashton J. Hyde
        Gary E. Jubber
        David R. Hague
        Ashton J. Hyde
        FABIAN & CLENDENIN
         a Professional Corporation
        *Attorneys for Chapter 7 Trustee*

<u>Plaintiff's Address</u>:
FABIAN & CLENDENIN
215 South State Street, Suite 1200
Salt Lake City, Utah  84111-2323

4814-1197-7480, v. 1

# EXHIBIT A

| Date | Check # | Payee | Amount |
|---|---|---|---|
| | | loan to Home Equity Plan | 3,000.00 |
| 10/5/08 | 1167 | Home Equity Plan, Inc. | $3,000.00 |

**DANA POINT LLC** — 1167
7613 JORDAN LANDING BLVD., SUITE 200
WEST JORDAN, UT 84084-1973

JPMORGAN CHASE BANK, N.A.
SALT LAKE CITY, UTAH 84101
97-154-1240

DATE: Oct 5, 2008
AMOUNT: $ 3000.00

PAY TO THE ORDER OF: Three Thousand and 00/100 Dollars
Home Equity Plan, Inc.

loan

⑊001167⑊ ⑊124001545⑊ 731700175⑊

DANA POINT LLC    1167

DANA POINT LLC     1142

Home Equity Plan, Inc.     Check Number: 1142
    Check Date: Jul 18, 2008
    Duplicate
    Check Amount: $3,000.00

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| loan to home equiyt plan | | 3,000.00 |

---

**DANA POINT LLC**
7613 JORDAN LANDING BLVD., SUITE 200
WEST JORDAN, UT 84084-1973

JPMORGAN CHASE BANK, N.A.
SALT LAKE CITY, UTAH 84101
97-154-1240

1142

DATE Jul 18, 2008

AMOUNT $ 3000.00

PAY TO THE ORDER OF: Three Thousand and 00/100 Dollars

Home Equity Plan, Inc.

Memo: loan

⑈⃞001142⑈⃞ ⑆124001545⑆ 731700175⑈⃞

---

DANA POINT LLC     1142

Home Equity Plan, Inc.     Check Number: 1142
    Check Date: Jul 18, 2008
    Duplicate
    Check Amount: $3,000.00

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| loan to home equiyt plan | | 3,000.00 |

DELUXE BUSINESS FORMS 1+800-328-0304 www.deluxeforms.com

| | | |
|---|---|---|
| | Check Date: | Jun 20, 2008 |
| | | Duplicate |
| | Check Amount: | $5,000.00 |
| Item to be Paid - Description | Discount Taken | Amount Paid |
| management fee | | 5,000.00 |

**DANA POINT LLC**
7613 JORDAN LANDING BLVD., SUITE 200
WEST JORDAN, UT 84084-1973

JPMORGAN CHASE BANK, N.A.
SALT LAKE CITY, UTAH 84101
97-154-1240

1138

DATE  Jun 20, 2008

AMOUNT  $ 5000.00

PAY TO THE ORDER OF: Five Thousand and 00/100 Dollars

Home Equity Plan, Inc.

Memo:

⑈001138⑈ ⑆124001545⑆ 731700175⑈

---

DANA POINT LLC                                                                 1138

Home Equity Plan, Inc.

| | | |
|---|---|---|
| | Check Number: | 1138 |
| | Check Date: | Jun 20, 2008 |
| | | Duplicate |
| | Check Amount: | $5,000.00 |
| Item to be Paid - Description | Discount Taken | Amount Paid |
| management fee | | 5,000.00 |

DELUXE BUSINESS FORMS  1+800-328-0304  www.deluxeforms.com

**DANA POINT LLC** — 1128
Home Equity Plan, Inc.

| | |
|---|---|
| Check Number: | 1128 |
| Check Date: | May 19, 2008 |
| | Duplicate |
| Check Amount: | $2,000.00 |

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| loan | | 2,000.00 |

---

**DANA POINT LLC**  1128
7613 JORDAN LANDING BLVD., SUITE 200
WEST JORDAN, UT 84084-1973

JPMORGAN CHASE BANK, N.A.
SALT LAKE CITY, UTAH 84101
97-154-1240

DATE: May 19, 2008

AMOUNT: $ 2000.00

PAY TO THE ORDER OF: Two Thousand and 00/100 Dollars

Home Equity Plan, Inc.

Memo: loan

⑆001128⑆ ⑈124001545⑈ 731700175⑈

---

**DANA POINT LLC** — 1128
Home Equity Plan, Inc.

| | |
|---|---|
| Check Number: | 1128 |
| Check Date: | May 19, 2008 |
| | Duplicate |
| Check Amount: | $2,000.00 |

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| loan | | 2,000.00 |

DELUXE BUSINESS FORMS  1+800-328-0304  www.deluxeforms.com

DANA POINT LLC — 1121

Home Equity Plan, Inc.

Check Number: 1121
Check Date: Apr 16, 2008
Duplicate
Check Amount: $2,897.89

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| amex 7-7 | | 8.03 |
| amex 1/2/8 | | 23.78 |
| amex 1/4/8 | | 9.31 |
| 14610 amex | | 93.66 |
| amex 2/4/8 | | 48.84 |
| amex 2/22/8 | | 37.30 |
| amex 2/26/8 | | 47.40 |
| amex 2/27/8 | | 24.17 |

---

**DANA POINT LLC**
7613 JORDAN LANDING BLVD., SUITE 200
WEST JORDAN, UT  84084-1973

JPMORGAN CHASE BANK, N.A.
SALT LAKE CITY, UTAH  84101
97-154-1240

1121

DATE  Apr 16, 2008

AMOUNT  $  2897.89

PAY TO THE ORDER OF:

Two Thousand Eight Hundred Ninety-Seven and 89/100 Dollars

Home Equity Plan, Inc.

Memo: loan

⑂⃞0 0 1 1 2 1⑂⃞  ⑆1 2 4 0 0 1 5 4 5⑆  7 3 1 7 0 0 1 7 5⑂⃞

---

DANA POINT LLC — 1121

Home Equity Plan, Inc.

Check Number: 1121
Check Date: Apr 16, 2008
Duplicate
Check Amount: $2,897.89

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| amex 7-7 | | 8.03 |
| amex 1/2/8 | | 23.78 |
| amex 1/4/8 | | 9.31 |
| 14610 amex | | 93.66 |
| amex 2/4/8 | | 48.84 |
| amex 2/22/8 | | 37.30 |
| amex 2/26/8 | | 47.40 |
| amex 2/27/8 | | 24.17 |
| amex 2/29/8 | | 105.40 |
| loan to home equity plan | | 2,500.00 |

DELUXE BUSINESS FORMS  1+800-328-0304  www.deluxeforms.com

**DANA POINT LLC**  1122
Home Equity Plan, Inc.

Check Number: 1122
Check Date: Apr 21, 2008
Duplicate
Check Amount: $1,000.00

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| loan | | 1,000.00 |

---

**DANA POINT LLC**  1122
7613 JORDAN LANDING BLVD., SUITE 200
WEST JORDAN, UT 84084-1973

JPMORGAN CHASE BANK, N.A.
SALT LAKE CITY, UTAH 84101
97-154-1240

DATE Apr 21, 2008

AMOUNT $ 1000.00

PAY TO THE ORDER OF:
One Thousand and 00/100 Dollars

Home Equity Plan, Inc.

Memo: loan

⑈⑉0 0 1 1 2 2⑈⑉  ⑆1 2 4 0 0 1 5 4 5⑆  7 3 1 7 0 0 1 7 5⑈⑉

---

**DANA POINT LLC**  1122
Home Equity Plan, Inc.

Check Number: 1122
Check Date: Apr 21, 2008
Duplicate
Check Amount: $1,000.00

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| loan | | 1,000.00 |

DELUXE BUSINESS FORMS  1-800-328-0304  www.deluxeforms.com

| | | |
|---|---|---|
| **DANA POINT LLC** | | 1067 |
| Home Equity Plan, Inc. | Check Number: | 1067 |
| | Check Date: | Dec 19, 2007 |
| | Duplicate | |
| | Check Amount: | $10,000.00 |
| Item to be Paid - Description | Discount Taken | Amount Paid |
| Loan to Home jEquiyt Plan | | 10,000.00 |

---

**DANA POINT LLC**  
7613 JORDAN LANDING BLVD., SUITE 200  
WEST JORDAN, UT 84084-1973

JPMORGAN CHASE BANK, N.A.  
SALT LAKE CITY, UTAH 84101  
97-154-1240

**1067**

DATE  
Dec 19, 2007

AMOUNT  
$ 10000.00

PAY TO THE ORDER OF:  
Ten Thousand and 00/100 Dollars

Home Equity Plan, Inc.

Memo: Loan

⑈00⑈067⑈ ⑆124001545⑆ 731700175⑈

---

| | | |
|---|---|---|
| **DANA POINT LLC** | | 1067 |
| Home Equity Plan, Inc. | Check Number: | 1067 |
| | Check Date: | Dec 19, 2007 |
| | Duplicate | |
| | Check Amount: | $10,000.00 |
| Item to be Paid - Description | Discount Taken | Amount Paid |
| Loan to Home jEquiyt Plan | | 10,000.00 |

DELUXE BUSINESS FORMS 1+800-328-0304 www.deluxeforms.com